UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE JONES,

        Petitioner,

                                                                              Case No. 08-10821

v.

                                                                              Honorable Patrick J. Duggan

PEOPLE OF THE STATE OF
MICHIGAN,

        Respondent.
                                          /

## ORDER SUMMARILY DISMISSING HABEAS PETITION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 10, 2008.

Willie Jones ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, Petitioner challenges his 2003 conviction for fourth-degree criminal sexual conduct. For the reasons stated below, the petition for a writ of habeas corpus will be summarily dismissed.

**I.    Background**

Petitioner pleaded no contest to fourth-degree criminal sexual conduct in Wayne County Circuit Court. On February 10, 2003, he was sentenced to 8 months to 2 years' imprisonment. Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied. *People v. Jones*, No. 253720 (Mich. Ct. App. Aug. 18, 2004). He filed an application for leave to appeal in the Michigan Supreme Court,

which was also denied. *People v. Jones*, 472 Mich. 879 (Mich. March 29, 2005).

Petitioner states that he filed a motion for relief from judgment in the trial court, which was denied, and an application for leave to appeal the denial of his motion for relief from judgment in the Michigan Court of Appeals, which was also denied.[1]

On February 14, 2008, Petitioner filed the pending petition for a writ of habeas corpus asserting claims of actual innocence, prosecutorial misconduct, ineffective assistance of trial and appellate counsel, and involuntary plea.[2]

---

[1]The Court can find no record of this application for leave to appeal on the Michigan Court of Appeals' website. Nonetheless, whether Petitioner properly filed a motion for relief from judgment in the trial court or an application for leave to appeal the denial of that motion in the Michigan Court of Appeals, does not impact the Court's analysis of the "in custody" requirement.

[2]Petitioner's application was not filed within the one-year limitations period under 28 U.S.C. § 2244(d)(1). Although Petitioner lists October 3, 2007 in his petition as the date the Michigan Supreme Court denied his application for leave to appeal, Michigan Reports and this Court's search of the Michigan Court of Appeals website reveals that Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on March 29, 2005. *See People v. Jones*, 472 Mich. 879 (Mich. March 29, 2005). Therefore, it appears that Petitioner's current petition, which was filed on February 14, 2008, is untimely pursuant to 28 U.S.C. § 2244(d)(1). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000)(holding that the one-year limitations period in 28 U.S.C. 2244(d)(1) "does not begin to run until the time for filing a petition for writ of certiorari for direct review in the United States Supreme Court has expired"); *see also* SUP. CT. R. 13 (providing that a petition for a writ of certiorari from the United States Supreme Court must be filed within "90 days after entry of judgment" "by a state court of last resort"). Moreover, even if the Michigan Supreme Court denied Petitioner's application for leave to appeal his fourth-degree criminal sexual conduct conviction on October 3, 2007, as he alleges in his petition, his petition would still be untimely pursuant to 28 U.S.C. § 2244(d)(1). *See id.* Although untimeliness could be a separate grounds to summarily dismiss the present habeas petition, the Supreme Court has required that district courts give notice to the parties before *sua sponte* dismissing a habeas petition pursuant to 28 U.S.C. 2244(d)(1). *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006).

## II. Applicable Law and Analysis

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 114 S. Ct. 2568, 2572 (1994)("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ."); *see also Thrower v. City of Akron*, 43 Fed. Appx. 767, 768-69 (6th Cir. 2002)(affirming district court's Rule 4 summary dismissal of habeas petition where petitioner failed to satisfy "in custody" requirement).

A federal district court has jurisdiction to entertain petitions for habeas corpus relief only from petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted the "in custody" language to require that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925 (1989). The Supreme Court has never held "that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Id.* at 491, 109 S. Ct. at 1925 (emphasis in original). The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under § 2254(a). *See id.* at 492, 109 S. Ct. 1926.

The Michigan Department of Corrections' Offender Tracking Information System ("OTIS") indicates that Petitioner was discharged from the sentence for his fourth-degree criminal sexual conduct conviction on June 4, 2004.[3] The Court is permitted to take judicial notice of information on OTIS. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004). Petitioner filed the pending petition on February 14, 2008. It is clear that the sentence resulting from Petitioner's fourth-degree criminal sexual conduct conviction fully expired at the time he filed the petition. Petitioner, therefore, is not "in custody" relative to the conviction he challenges in his present petition. Consequently, this Court does not have jurisdiction to entertain Petitioner's application for habeas corpus relief.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Willie Jones
c/o Angela Thompson, Acting Supervisor
Detroit Metro Parole Office
5300 Lawton
Detroit, MI 48208

---

[3]*See* http://www.state.mi.us/mdoc/asp/otis2.html.